UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re: MARC GIBRICK | ) | Bankruptcy Case No. 19-15177 |
| | ) | |
| ROBERT GOLDEN, | ) | Chapter 7 |
|     Plaintiff, | ) | |
|   vs. | ) | Adversary No: 19-AP-926 |
| MARC GIBRICK, | ) | |
|     Defendant. | ) | Judge Hunt |

## NOTICE OF MOTION

**The following party(s) have been served via CM/ECF:**
Brendan Appel, attorney for Robert Golden

**The following party(s) have been served via first-class U.S. mail:**
Marc Gibrick, P.O. Box 7811, Buffalo Grove, IL 60089
Brendan Appel, Law Offices of Brendan R. Appel, LLC, 191 Waukegan Road, Suite 360, Northfield, IL 60093

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his or her stead at 219 S. Dearborn Street, Chicago, IL 60604, and in the following courtroom (or any other place posted), and present the attached **Motion to Dismiss Entire Amended Complaint Under Rule 12(b)(6),** at which time and place you may appear.

```
JUDGE:   HUNT
ROOM:    719
DATE:    January 9, 2019
TIME:    10:00 AM
```

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before January 2, 2020, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: <u>1/2/2020</u>           /s/ Robert C. Bansfield Jr.
                                          Robert C. Bansfield Jr., A.R.D.C. #6329415
                                          Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100

1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re: MARC GIBRICK ) | | Bankruptcy Case No. 19-15177 |
| ) | | |
| ) | | |
| ROBERT GOLDEN, ) | | Chapter 7 |
|       Plaintiff, ) | | |
|   vs. ) | | Adversary No: 19-AP-926 |
| MARC GIBRICK, ) | | |
|       Defendant. ) | | Judge Hunt |

## **MOTION TO DISMISS ENTIRE AMENDED COMPLAINT UNDER RULE 12(b)(6)**

NOW COMES the Defendant, MARC GIBRICK, by and through his attorneys, David M. Siegel & Associates, for this Motion to Dismiss under Rule 12(b)(6), and in support states as follows:

### **Introduction**

1. Plaintiff filed this adversary case on September 6, 2019. *Adversary Proceeding Docket Number* 1. The complaint sought recovery of money and an objection to the dischargeability of debt under 11 USC §548. *Adversary Proceeding Docket Number* 4.

2. According to the Plaintiff's statement of the cause of action, the case was brought for the "fraudulent transfer as to a creditor whose claim arose before the transfer was made where the debtor did not receive a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time of the transfer. 11 USC §548(b)(1)." *Adversary Proceeding Docket Number* 4.

3. Plaintiff's complaint was amended on November 15, 2019. *Plaintiff's Amended Complaint*. The amended complaint sought recovery of money under 740 ILCS 160, the Illinois Uniform Fraudulent Transfer Act ("UFTA"), recovery of money under Federal Rule of Bankruptcy

Procedure 7001(1), and an objection to the dischargeability of debt under Federal Rule of Bankruptcy Procedure 7001(6). *Adversary Proceeding Docket Number* 12.

4. The amended Adversary Proceeding Cover sheet now lists the cause of action as a "fraudulent transfer as to a Creditor whose claim arose prepetition where the debtor was an insider/transferee who received property without giving a reasonably equivalent value in exchange and the transferor was insolvent at the time of the transfer." *Adversary Proceeding Docket Number* 12.

5. Plaintiff's Amended Complaint alleges Defendant's brother, Lanny Gibrick ("Lanny"), transferred his interest in a 2007 Chevrolet Express G2500 van (the "Vehicle") to Defendant on or about November 29, 2014. *Plaintiff's Amended Complaint*, line 22.

6. Defendant/debtor filed a petition for relief under Chapter 7 of Title 11 USC on May 28, 2019. The case number for the petition for relief is 19-15177.

## Rule 12(b)(6) Standard

7. Under Federal Rule of Civil Procedure 12(b)(6), "… a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted ..." Fed.R.Civ.P.12(b)(6).

8. Federal Rule of Civil Procedure 12(b)(6) is made applicable to a bankruptcy adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b), stating, "Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings." Fed.R.Bank.P. 7012(b).

9. In order for a plaintiff's complaint to survive a Rule 12(b)(6) motion to dismiss the case, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

10.	"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Ebner v. Kaiser* (*In re Kaiser*), 525 B.R. 697, 706 (Bankr.N.D.Ill.2014)(Barnes, J) (citing *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)).

11.	Federal Rule of Civil Procedure 8(c)(1) states that the statute of limitations is an affirmative defense. Fed.R.Civ.P. 8(c)(1).

12.	Normally, a Rule 12(b)(6) motion to dismiss is not the proper way to challenge a complaint based on an affirmative defense. *Richards v. Mitcheff*, 696 F.3d 635, 637-638 (7th Cir. 2012).

13.	However, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006). (See *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005)).

## 740 ILCS 160 Illinois Uniform Fraudulent Transfer Act

14.	Section 10 of the UFTA states:

"A cause of action with respect to a fraudulent transfer or obligation under this Act is extinguished unless action is brought:
>	(a) under paragraph (1) of subsection (a) of Section 5, within 4 years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant;
>	(b) under paragraph (2) of subsection (a) of Section 5 or subsection (a) of Section 6, within 4 years after the transfer was made or the obligation was incurred; or
>	(c) under subsection (b) of Section 6, within one year after the transfer was made or the obligation was incurred."

740 ILCS 160/10 (Illinois Compiled Statutes (2019 Edition))

**Count I - Objection to Discharge From an Individual Debt Pursuant to 740 ILCS 160**

15. Count I of Plaintiff's complaint should be dismissed for being filed outside the time period allowed under the Illinois Uniform Fraudulent Transfer Act.

16. Plaintiff's amended complaint states, "21. On or about November 29, 2014, both Lanny and the Defendant (in his individual capacity and as president of Marc's Windows) executed powers of attorney permitting Bill Stasek Chevrolet to sign certain transfer documents relating to the Vehicle. A copy of these powers of attorney are attached hereto as **Exhibit B** (Lanny's power of attorney) and **Exhibit C** (Marc's power of attorney)." *Plaintiff's Amended Complaint*, line 21.

17. Plaintiff's amended complaint also states, "22. On or about November 29, 2014, Lanny executed a letter on Alan's Draperies letterhead stating: "Alan's Draperies releases all interest in (the Vehicle) to Marc's Window Treatments." A copy of this letter is attached as **Exhibit D**." *Plaintiff's Amended Complaint*, line 22.

18. Plaintiff's amended complaint under **Count I** admits that a claim under UFTA must be brought within 4 years after the transfer was made or obligation was incurred. *Plaintiff's Amended Complaint*, line 44.

19. Plaintiff's amended complaint also states that Lanny Gibrick's release of all interest to Defendant on November 29, 2014 was a transfer under the UFTA. *Plaintiff's Amended Complaint*, lines 56 and 59.

20. Defendant/debtor filed a petition for relief under Chapter 7 of Title 11 USC on May 28, 2019. The case number for the petition for relief is 19-15177.

21. The time from the transfer of the Vehicle to the filing of Defendant's bankruptcy petition for relief under Chapter 7 of Title 11 USC is 4 years, 5 months, and 29 days according to timeanddate.com, a website that will count the number of days between two dates.

22.     4 years, 5 months, and 29 days is outside the 4 year limit to bring a cause of action under the Illinois Uniform Fraudulent Transfer Act.

23.     This cause of action is also outside the one year discovery period allowed under the Illinois Uniform Fraudulent Transfer Act.

24.     According to Plaintiff's complaint, Lanny testified on June 11, 2015 that he "sold" the Vehicle to Defendant around the start of 2015. *Plaintiff's Amended Complaint*, lines 16 and 17.

25.     Plaintiff also received documents from Bill Stasek Chevrolet on or around June 30, 2015 that showed Lanny had transferred the car to Defendant on or about November 29, 2014. *Plaintiff's Amended Complaint*, lines 18 through 22.

26.     The Plaintiff knew about the transfer almost 3 years prior to the filing of Defendant's Chapter 7 bankruptcy which is outside the one year discovery period allowed by the UFTA.

27.     Therefore, under the above stated standard under Federal Rule of Civil Procedure 12(b)(6), this count should be dismissed.

**Counts II and III - Objections to Discharge Pursuant to Rule 7001(6) and 7001(1)**

28.     Rule 8 of the Federal Rules of Civil Procedure states, "(a) Claim for Relief. A pleading that states a claim for relief must contain: ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; ..." Fed.R.Civ.P. 8(a).

29.     "(a) Rule 8 F.R.Civ.P. applies in adversary proceedings…" Fed.R.Bank.P. 7008(a).

30.     "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

31. "[A pleading] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

32. Rule 7001 is titled "Rule 7001. Scope of Rules of Part VII." Fed.R.Bank.P. 7001.

33. Rule 7001 lists causes of action that are to be brought as adversary proceedings; however, it does provide the basis for causes of action. Fed.R.Bank.P. 7001.

34. In Plaintiff's complaint under Counts II and III, the Plaintiff simply states "68. Plaintiff restates and re-alleges the allegations of Paragraphs 1-67 as though fully set forth herein" and "69. Plaintiff restates and re-alleges the allegations of Paragraphs 1-67 as though fully set forth herein." *Plaintiff's Amended Complaint*, lines 68 and 69.

35. Counts II and III of Plaintiff's Amended Complaint do not list any elements for a cause of action or any fact supporting a cause of action.

36. The Plaintiff simply restates the same allegations and legal conclusions already stated in the amended complaint.

37. Counts II and III are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations."

38. Therefore, under the above stated standard under Federal Rules of Civil Procedure 12(b)(6) and 8, these counts should be dismissed.

WHEREFORE the Defendant, MARC GIBRICK, prays that the Court dismiss the Complaint, and any other legal or equitable relief that the court deems just and proper

                                                                                     Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100