**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-15177 |
| MARC GIBRICK, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ ) | ) | Hon. Judge David D. Cleary |
| | ) | |
| ROBERT GOLDEN, | ) | Room 644 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 19 AP 926 |
| | ) | |
| MARC GIBRICK, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S MOTION TO DISMISS**

NOW COMES Plaintiff/Creditor ROBERT GOLDEN ("Golden"), by and through his

attorneys, The Law Offices of Brendan R. Appel, LLC, and pursuant to Federal Rule of

Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(f)(2), moves to strike

Defendant/Debtor MARC GIBRICK's ("Gibrick") Motion to Dismiss Entire Amended

Complaint under Rule 12(b)(6) as follows:

1.      On October 16, 2019, the Court granted Golden leave to file an amended

complaint by or before November 16, 2019. The Court also ordered that Gibrick "shall file and

serve answer otherwise plead by or before 12/16/2019." (See Order dated October 16, 2019

attached hereto as **Exhibit A**.)

2.      On November 15, 2019, Golden filed his Second Amended Adversary Complaint,

which has since been corrected in the docket text as "Amended Complaint."

1

3.      On December 13, 2019, Gibrick filed his Answer and exhibits to the Amended

Complaint. (See Answer attached hereto as **Exhibit B**.)

4.      On January 2, 2020, Gibrick filed a Motion to Dismiss pursuant to Rule 12(b)(6),

which contains no mention of his Answer that was filed previously. (See Motion to Dismiss

attached hereto as **Exhibit C**.)

5.      Rule 12(b) states, in pertinent part, that

> Every defense to a claim for relief in any pleading must be asserted in the
> responsive pleading if one is required. But a party may assert the
> following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses *must be made before pleading* if
> a responsive pleading is allowed. F.R.C.P. 12(b) (emphasis added).

6.      By choosing to file his Answer containing admissions and denials to the

allegations on December 13, 2019, Gibrick waived and/or was barred from filing his Motion to

Dismiss pursuant to Rule 12(b)(6).

7.      In addition, or in the alternative, Gibrick's Motion to Dismiss includes a statute of

limitations defense to Count I that is untimely, especially since it was not set forth in his Answer

as an affirmative defense.

8.      Gibrick further argues that Counts II and III fail to "list any elements for a cause

of action or any fact supporting a cause of action," yet he clearly understood Counts II and III as

evidenced by his admissions and denials to those allegations as stated within his Answer.

9.      Consequently, Gibrick's Motion to Dismiss should be barred as untimely.

2

WHEREFORE, Plaintiff-Creditor ROBERT GOLDEN asks this Honorable Court to strike Defendant-Debtor MARC GIBRICK's Motion to Dismiss under Rule 12(b)(6) in its entirety, and for such further relief as this Court deems just and necessary.

**Dated:**       **January 6, 2020**            Respectfully submitted,


                                          s/Selwyn M. Skevin
                                          The Law Offices of Brendan R. Appel, LLC
                                          Attorney for Plaintiff-Creditor Robert Golden

The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel (IL ARDC: 6271877)
Selwyn M. Skevin (Of Counsel) (IL ARDC: 6305289)
191 Waukegan Road, Suite 360
Northfield, Illinois 60062
(847) 730-4224
(847) 730-4114 (facsimile)

3