# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-15177 |
| MARC GIBRICK, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | Hon. Judge David D. Cleary |
| ) | |
| ROBERT GOLDEN, ) | Room 644 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 19 AP 926 |
| ) | |
| MARC GIBRICK, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S RESPONSE TO
### DEFENDANT'S AMENDED MOTION TO DISMISS ENTIRE AMENDED
### COMPLAINT UNDER RULE 12(C)

NOW COMES Plaintiff/Creditor ROBERT GOLDEN ("Golden"), by and through his attorneys, The Law Offices of Brendan R. Appel, LLC, and for his Response to Defendant/Debtor MARC GIBRICK's ("Gibrick") Motion to Dismiss Entire Amended Complaint under Rule 12(c), states as follows:

### Introduction

Gibrick wants this adversary proceeding to be dismissed by obtaining a judgment based only on the pleadings for failures to state a claim. The Amended Complaint on its face, however, does not plead the case out of court. Moreover, Gibrick appears to forget that his Answer to the Amended Complaint admits that a state court action was properly filed within the time allotted and that he filed his petition for bankruptcy protection just two (2) days prior to trial in that case. (Ans. ¶ 1.) Accordingly, a judgment on the pleadings in favor of Gibrick should be denied while

1

the meritless defense(s) pleaded in his Amended Motion to Dismiss may instead violate Federal Rule of Civil Procedure 11(b).

## Procedural History

1. On November 15, 2019, Golden filed his Second Amended Adversary Complaint, which has since been corrected in the docket text as "Amended Complaint."

2. On December 13, 2019, Gibrick filed his Answer and exhibits to the Amended Complaint.

3. On January 2, 2020, Gibrick filed his Motion to Dismiss Entire Amended Complaint under Rule 12(b)(6).

4. On January 9, 2020, Gibrick was granted leave by this Court to file an amended motion by January 16, 2020.

5. On January 14, 2020, Gibrick filed his Amended Motion to Dismiss Entire Amended Complaint under Rule 12(c).

## Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-728 (7th Cir. 2014). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, the court must review the complaint to determine whether it contains "enough fact to raise a reasonable expectation that discovery will

reveal evidence" to support liability for the wrongdoing alleged. *Twombly,* 550 U.S. at 556. The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *Moranski v. Gen. Motors Corp.,* 433 F.3d 537, 539 (7th Cir. 2005).

## **Argument**

As a general matter, Rule 12(c) prescribes that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." F.R.C.P. 12(c). Gibrick alleges that "[s]ince Plaintiff has filed a complaint and Defendant has filed an answer, and because there are no third party complaints or crossclaims, the pleadings have been closed." (Mot. Dis. ¶ 11.) He then argues that Rule 12(b)(6) standards apply to Rule 12(c), including that the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Yet Gibrick fails to allege that Count I does not contain sufficient facts to establish a claim for relief that is plausible. Even if he had, Count I must be viewed in the light most favorable to Golden and all facts are taken as true for the purpose of this Motion.

In addition, Rule 12(b) states in pertinent part that a motion asserting a defense for failure to state a claim upon which relief can be granted "*must be made before pleading* if a responsive pleading is allowed." F.R.C.P. 12(b) (emphasis added). Further, "Rule 12(c) cannot be used to assert Rule 12(b) defenses that have been waived because they were neither the subject of a pre-answer motion nor pleaded as an affirmative defense." *McKenna on Behalf of U.S. v. Senior Life Management, Inc.*, 429 F.Supp.2d 695, 696 (S.D.N.Y May 2, 2006) citing to 5A Wright and Miller, Federal Practice and Procedure, § 1367 at 517. Here, Gibrick failed to assert his statute of

limitations defense as the subject of any pre-answer motion and he did not plead it as an affirmative defense in his Answer. Consequently, he waived his right to do so and is barred from doing so now.

In sum, Gibrick's Motion to Dismiss is untimely, improper, and should be denied as it also violates of Federal Rule of Civil Procedure 8(c)(1).[1]

I.      Count I was timely filed and should stand.

Gibrick argues that "Count I of Plaintiff's complaint should be dismissed for being filed outside the time period allowed under the Illinois Uniform Fraudulent Transfer Act." (Mot. Dis. ¶ 22.) He cites to *Hollander v. Brown* on the basis that a statute of limitations defense "may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006). He further proposes that the "cause of action is also outside the one year discovery period allowed under the Illinois Uniform Fraudulent Transfer Act." (Mot. Dis. ¶ 30.) Gibrick, however, admitted in his Answer that the claim against him under the UFTA was timely filed.

The validity of a creditor's claim is determined by state law. *N.I.S. Corp. v. Hallahan* (*In the Matter of Hallahan*), 936 F.2d 1496, 1508 (7th Cir.1991) (citing *Grogan v. Garner,* 498 U.S. 279, 283 (1991)). If the State Court Action is barred by limitations, it would follow that Plaintiffs would have no claim or debt on which to seek non-dischargeability. See *In re Klauck*, 484 B.R. 338, 342 (Bankr.N.D.Ill. 2012), citing to *In re Orseno*, 390 B.R. 350, 356 (Bankr.N.D.Ill. 2008).

Here, "Plaintiff's amended complaint under Count I admits that a claim under UFTA must be brought within 4 years after the transfer was made or obligation was incurred" (Mot. Dis. ¶ 25). Gibrick also admits in his Answer that

---

[1] "In responding to a pleading, a party *must affirmatively state* any avoidance or affirmative defense, including: . . . statute of limitations . . ." F.R.C.P. 8(c)(1).

4

> On October 31, 2018, Golden filed a lawsuit against the Defendant in the Circuit Court of Cook County, Case No. 2018 M2 4718. The Verified Complaint set forth a claim of fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act ("UFTA") (740 ILCS 160). A copy of the Verified Complaint is attached hereto as Exhibit K. (Am. Comp. ¶ 35.)

The amount of time between the alleged fraudulent transfer (on November 29, 2014) and the filing of the state complaint was less than four (4) years and consequently the one year discovery period is irrelevant. More importantly, Gibrick likely failed to include that information because it is detrimental to his argument. As a result, both pleadings on which Gibrick relies for judgment unequivocally pleaded that Golden's state claim was timely filed, and the Motion to Dismiss Count I based on the statute of limitations defense should be denied with prejudice.

II.     Count II and III are adequately pleaded.

Gibrick subsequently argues that Count II and Count III "do not list any elements for a cause of action or any fact [sic] supporting a cause of action." (Mot. Dis. ¶ 42.) He contends that the Counts cannot fall under Rule 7001 because "it merely lists causes of action that are to be brought as adversary proceedings; however, it does provide the basis for causes of action." (Mot. Dis. ¶ 40.) That statement as written is confusing, but it seems to support the Amended Complaint. Despite a failure to include any supporting case law or identify any specific deficiencies as to the causes of action, Gibrick's contentions fail for the reasons below.

First, a Motion to Dismiss for failure to state a claim "*must be made* before pleading if a responsive pleading is allowed." F.R.C.P. 12(b) (emphasis added). Here, Gibrick was allowed to file a responsive pleading and did so prior to filing this Amended Motion. Thus, his request for dismissal should be denied for this reason alone.

Second, Rule 7001 establishes ten (10) different approaches through which an adversary proceeding may be brought, including claims to recover money or property pursuant to F.R.B.P

5

7001(1) or to determine the dischargeability of a debt pursuant to F.R.B.P. 7001(6). Both causes of action are narrow in name, broadly defined, and are also listed on the Adversary Proceeding Cover Sheet. Here, Golden asks the Court to recover money or property from Gibrick and to determine whether the debt owed to him as listed in Gibrick's bankruptcy petition is dischargeable. Specifically, Counts II and III reallege the numerous facts stated in paragraphs 1-67 as the basis for alternative causes of action. Gibrick, however, filed his Answer so it is clear that he was on notice of the additional claims and understood that Golden is entitled to relief. Moreover, the same facts pleaded in Count I were never alleged to be insufficient by Gibrick, therefore he cannot object to them as lacking facts to support the causes of action in Counts II and III. At worst, paragraphs 43-44, 46-58, 61-63 and 67 could be stricken in Counts II and III as they apply solely to the UFTA cause of action alleged in Count I. Otherwise, the Motion to Dismiss should be denied with prejudice as to Counts II and III.

WHEREFORE, Plaintiff-Creditor ROBERT GOLDEN asks this Honorable Court to deny Defendant-Debtor MARC GIBRICK's Amended Motion to Dismiss under Rule 12(c) in its entirety, and for such further relief as this Court deems just and necessary.

**Dated:        February 6, 2020**              Respectfully submitted,

                                                            s/Selwyn M. Skevin
The Law Offices of Brendan R. Appel, LLC
Attorneys for Plaintiff-Creditor Robert Golden

The Law Offices of Brendan R. Appel, LLC
Brendan R. Appel (IL ARDC: 6271877)
Selwyn M. Skevin (Of Counsel) (IL ARDC: 6305289)
191 Waukegan Road, Suite 360
Northfield, Illinois 60062
(847) 730-4224
(847) 730-4114 (facsimile)